# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5802 | **DATE** | October 7, 2010 |
| **CASE TITLE** | *Baradulina v. Seven Colors* | | |

**DOCKET ENTRY TEXT:**

It has come to the court's attention that the court's order upon initial review of the notice of removal was not filed due to an administrative error. By October 15, 2010, Rexair must file an amended notice of removal, consistent with counsel's obligations under Rule 11, that addresses the concerns outlined in this order. Alternatively, it may file a motion to remand by that date.

■ [ For further details see text below.]    Docketing to Mail Notices.

## STATEMENT

The plaintiff, a 75-year old Russian speaking legal immigrant who cannot speak or read English, filed suit in the Circuit Court of Cook County based on the purchase of a vacuum cleaner system sold to her by a visiting salesman. The vacuum cleaner system cost $2,504.70. The contract requires the plaintiff to pay $1,004.70 in cash and to finance the remaining $1,500.00 balance at an interest rate of 15% for 12 months. This translates into a $135.39/month payment, for a total of $1,624.68. The total cost of the vacuum, therefore, is $2,629.38 ($1,004.70 + $1,624.68). In her complaint, the plaintiff alleges that she was swindled and requests relief based on multiple state law theories. She also seeks compensatory damages plus $100,000.00 in punitive damages (¶¶ 30, 40 & 51), $250,000.00 in punitive damages (¶ 75), and attorneys' fees (¶¶ 41 & 59).

Defendant Rexair, with the consent of defendant Seven Colors, removed the complaint to federal court. The court may exercise diversity jurisdiction over a case if the parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of costs and interest. 28 U.S.C. § 1332. The notice of removal alleges that the parties are diverse. However, Rexair, as the removing defendant, also needs to point to over $72,370.70 in damages (the $75,000 jurisdictional amount minus $2,629.38 in potential compensatory

(continued)

| | Courtroom Deputy Initials: | RTH/c |
|---|---|---|

| STATEMENT |
|---|

damages). *See Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997) (the party seeking to invoke federal diversity jurisdiction bears the burden of demonstrating that the complete diversity and amount in controversy requirements were met at the time of removal).

Punitive damages can satisfy the minimum amount in controversy required for diversity jurisdiction if they are recoverable under state law. *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 551 (7th Cir. 2008). Nevertheless, "[t]he Supreme Court has stated that punitive damage awards exceeding a single-digit ratio between punitive and compensatory damages are unlikely to satisfy due process, and more specifically, that a 4-to-1 ratio "might be close to the line of constitutional impropriety." *Id.*, quoting *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003). The ratio in this case substantially exceeds a single digit ratio. Thus, even assuming that punitive damages are recoverable and that the plaintiff could receive four times the amount of her alleged compensatory damages, the plaintiff's allowable damages are still far under the $75,000 threshold.

The last category of damages is attorneys' fees. "[W]hile attorneys' fees may properly be reckoned into the jurisdictional amount for diversity purposes, in a case removed from state court to federal court only those fees incurred before removal may properly be so considered." *Southern Illinois Beverage, Inc. v. Hansen Beverage Co.*, No. 07 C 391, 2007 WL 3046273, at *6 (S.D. Ill. Oct. 15, 2007) (collecting cases). The pre-removal fees here by definition cannot be substantial.

Accordingly, by October 15, 2010, Rexair must file an amended notice of removal, consistent with counsel's obligations under Rule 11, that addresses the concerns outlined in this order. Alternatively, it may file a motion to remand by that date.